IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | | |
|---|---|---|
| LLOYD B. CARR, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:18-01188 |
| | ) | (Criminal No. 6:12-00210) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Movant, acting *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on July 27, 2018.[1] (Document No. 89.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 90.)

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.      Criminal Action No. 6:12-00210:**

On August 13, 2013, Movant pled guilty to one count of mail fraud in violation of 18 U.S.C. §§ 1341 and 2 (Count Seven). (Criminal Action No. 6:12-00210, Document Nos. 36, 38, 39.) A Presentence Investigation Report was prepared. (Id., Document No. 64.) The District Court determined Movant had a Base Offense Level of 7, and a Total Offense Level of 27, the Court having applied the following: (1) A fourteen-level enhancement pursuant to U.S.S.G. §

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2B1.1(b)(1)(H) because the loss exceeded $400,000; (2) A two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i) because the offense involved 10 or more victims; (3) A two-level enhancement pursuant to U.S.S.G. § 3A1.1(b)(1) because the defendant knew or should have known that a victim of the offense was a vulnerable victim; and (4) A two-level enhancement pursuant to U.S.S.G. § 3B1.3 because the defendant abused a position of public or private trust in the commission or concealment of the offense. (Id., Document Nos. 59, 62, 64.) Movant was sentenced on May 22, 2014. (Id., Document Nos. 84, 89, 91, and 94.) The District Court ordered that Movant serve a total term of imprisonment of 75 months, to be followed by a three-year term of supervised release. (Id., Document No. 94.) The District Court also imposed a $100 special assessment and $589,704.85 in restitution. (Id.)

On June 3, 2015, Movant, by counsel, filed a Notice of Appeal. (Id., Document No. 63.) In his appeal, Movant argued that the District Court erred by refusing to apply a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and that his sentence was substantively unreasonable. (Id., Document No. 78.) On January 16, 2015, the Fourth Circuit Court of Appeals affirmed Movant's conviction and sentence. (Id.); United States v. Carr, 590 Fed.Appx. 245 (4th Cir. 2015). Movant did not file a petition for writ of certiorari with the United States Supreme Court.

**B.     Section 2255 Motion:**

On July 27, 2018, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[2] (Civil Action No. 2:18-01188,

---

[2] According to the BOP's Inmate Locator, Movant was released from custody on November 19, 2019. Upon his release from custody, Movant began serving his three-year term of supervised release. "A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999). The Movant's Motion

2

Document No. 89.) As grounds for *habeas* relief, Movant asserts he is entitled to relief based upon the following: (1) Two "new Supreme Court laws" invalidates Movant's sentence: <u>Nelson v. Colorado</u>, 137 S.Ct. 1249 (2017) and <u>Rosales-Mireles v. United States</u>, No. 16-9493;" (2) Movant's plea of guilty was not entered into knowingly and voluntarily; and (3) Ineffective assistance of counsel. (<u>Id.</u>) First, Movant states he is entitled to relief based upon <u>Nelson</u> and <u>Rosales-Mireles</u>. (<u>Id.</u>) Movant claims that in <u>Nelson</u>, the Supreme Court "reversed the decision of the Colorado Supreme Court [and] held that once a conviction is erased, the presumption of innocence is restored." (<u>Id.</u>) Movant contends that "the reasoning of <u>Nelson</u> compels the conclusion that <u>Watts</u> has been effectively overruled" and "[a]quitted conduct cannot be used to penalize (or increase a penalty) because an acquittal, by any means, restores the presumption of innocence." (<u>Id.</u>) Thus, Movant argues that he "could not be enhanced at sentencing when he only admitted to conduct representing, aiding and abetting mail fraud, pursuant to 18 U.S.C. § 1341 and 2" [and] "by way of <u>Nelson</u>, the presumption of innocence prevails." (<u>Id.</u>) Movant, therefore, argues that he was improperly sentenced on "acquitted conduct" and "uncharged conduct." (<u>Id.</u>) Movant fails to explain how <u>Rosales-Mireles</u> is applicable to his case. (<u>Id.</u>) Second, Movant contends that his plea of guilty was not entered into knowingly and voluntarily because "it was impossible to grasp some of the consequences of his written plea." (<u>Id.</u>) Finally, Movant argues that trial counsel was ineffective based upon the following: (1) Trial counsel failed to explain to Movant 18 U.S.C. §§ 1341 and 2, aiding and abetting mail fraud; (2) Trial counsel failed to challenge the District Court's refusal to reduce Movant's Guideline range for acceptance of

---

continues to be viable therefore while he is on supervised release. *Smith v. United States*, 2009 WL 2213480, *1 (S.D.W.Va.)(J. Goodwin).

responsibility; and (3) Trial counsel's "errors in combination effectively deprived [Movant] of a meaningful defense." (Id.) As relief, Movant requests that he be resentenced to "minimized detainment." (Id.)

## ANALYSIS

**1. Timeliness:**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f).

**A. Section 2255(f)(1):**

The Court will first consider the timeliness of Petitioner's Motion under Section 2255(f)(1). The Fourth Circuit affirmed Movant's conviction and sentence on January 16, 2015, and his sentence became final 90 days later when he did not file a petition for writ of certiorari (April 17, 2015). On July 27, 2018, more than two years and three months after the one-year period expired,

Movant filed the instant Motion raising issues challenging his conviction and sentence in Criminal Action No. 6:12-00210. (Civil Action No. 2:18-01188, Document No. 89.) Movant's Motion is clearly untimely unless one of Section 2255(f)'s other subsections applies.

**B.    Section 2255(f)(3):**

Movant appears to argue that Section 2255(f)(3) applies because he is entitled to relief "based on a new rule of constitutional law, previously unavailable, made retroactive." Specifically, Movant relies upon Nelson and Rosales-Mireles in support of the foregoing. The undersigned will consider his case in turn.

**(i)    *Nelson v. Colorado*:**

In Nelson, the Supreme Court invalidated a Colorado law that required "a defendant [to] prove her innocence by clear and convincing evidence to obtain the refund of costs, fees, and restitution paid pursuant to an invalid conviction." Nelson v. Colorado, ___ U.S. ___, 137 S.Ct. 1249, 1255, 197 L.Ed.2d 611 (2017). The Supreme Court held that "[w]hen a criminal conviction is invalidated by a reviewing court and no retrial will occur," due process requires the state "to refund fees, court costs, and restitution exacted from the defendant upon, and as a consequence of, the conviction." Id., ___ U.S. at ___, 137 S.Ct. at 1252. First, the undersigned finds that Nelson did not create or recognize a new rule of constitutional law that applies retroactively on collateral review. See Tyler v. Cain, 533 U.S. 656, 663, 121 S.Ct. 2478, 2483, 150 L.Ed.2d 632 (2010)("a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."); United States v. Hicks, 2018 WL 5115517, * 1 (D.C. Cir. 2018)("[P]etitioner has not made a prima facie showing that *Nelson* establishes a 'new rule of constitutional law' that applies to his criminal sentence."); Broxmeyer v. Ormond, 2019 WL 2571276, * 5 (E.D.Va. April

22, 2019)(concluding that *Nelson* did not create any retroactive rule that might affect the legality of defendant's sentence), report and recommendation adopted, 2019 WL 2569554 (E.D.Va. June 20, 2019), aff'd, 785 Fed.Appx. 147 (4th Cir. 2019), cert. denied, 2020 WL 1979012, 206 L.Ed.2d 861 (2020); Wardell v. Joyner, 2018 WL 6539167, * 2 (D.S.C. Aug. 3, 2018)("*Nelson* is not a change in controlling law that affects Petitioner's sentence"), report and recommendation adopted, 2018 WL 5839550 (D.S.C. Nov. 8, 2018), aff'd, 785 Fed.Appx. 978 (4th Cir. 2019).

　　　Second, the undersigned finds that Nelson is inapplicable to Movant's case. In the instant case, Movant does not identify an invalidated conviction or any fees, costs, or restitution imposed on him for an invalidated conviction. Movant, however, appears to contend that his sentence was unconstitutionally enhanced because the District Court considered uncharged or "acquitted" conduct, including conduct underlying charges that were dismissed as part of his plea agreement. In support, Movant argues that the Supreme Court in Nelson recognized that a sentencing court could not consider acquitted or uncharged conduct when sentencing a defendant, thereby overruling United States v. Watts, 519 U.S. 148, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997). (Civil Action No. 2:18-01188, Document No. 89, p. 5 - 6.) In Watts, the Supreme Court held that a sentencing court could consider acquitted conduct in calculating a defendant's sentence so long as the conduct has been proven by a preponderance of the evidence. Watts, 519 U.S. at 156-57, 117 S.Ct. at 637-38. A review of Nelson, however, reveals that the Supreme Court did ***not*** decide or address the issue of whether a sentencing court could enhance a defendant's sentence based on acquitted or uncharged conduct. Furthermore, there is no authority supporting Movant's argument that Nelson overruled Watts. See United States v. Johnson, 2018 WL 1876018, * 17, n. 19 (10th Cir. 2018)(noting that *Nelson* does not even mention and there is no reason to presume that the

6

Supreme Court overturned earlier authority *sub silentio*); United States v. McShan, 757 Fed.Appx. 454, 466-67 (6th Cir. 2018)("*Nelson* did not implicate the Guidelines."), cert. denied, ___ U.S. ___, 139 S.Ct. 2032, 204 L.Ed.2d 232 (2019); Hatfield v. Young, 2019 WL 4196613, * (S.D.W.Va. June 7, 2019)(finding that "Petitioners' argument that *Nelson* retroactively invalidates their sentences is groundless given that the decision in *Nelson* did not affect the well-settled case law establishing that sentencing courts may consider relevant conduct, even acquitted conduct, when determining the appropriate sentence for validly imposed convictions."), report and recommendation adopted, 2019 WL 4197117 (S.D.W.Va. Sept. 3, 2018), aff'd, 790 Fed.Appx. 547 (4th Cir. 2020); Fortenberry v. Ormond, 2019 WL 1869854, * 3 (E.D.Va. April 25, 2019)("Contrary to Fortenberry's suggestion here, *Nelson* simply has no bearing on a court's ability to consider relevant conduct during sentencing or the applicability of sentencing enhancements under the United States Sentencing Guidelines."); Walker v. United States, 2019 WL 4386742, * 3 (S.D.W.Va. Aug. 22 2019)("As is plain from *Nelson*, the Supreme Court's decision does not touch on sentencing considerations, sentencing guidelines, or relevant conduct in sentencing."), report and recommendation adopted, 2019 WL 438937 (S.D.W.Va. Sept. 12, 2019); Minor v. Coakley, 2018 WL 4871131, * 3 (N.D.W.Va. Oct. 9, 2018)(In *Nelson*, "[t]he Supreme Court did not decide or address the issue of whether it is a violation of due process to enhance a sentence based on unconvicted or uncharged conduct."), report and recommendation adopted, 2018 WL 4871131 (N.D.W.Va. Oct. 9, 2018); Wardell, 2018 WL 6539167 at * 2("*Nelson* does not affect the validity of federal sentencing laws that take into account conduct that is not charged in the indictment or proved at trial."); United States v. Burg, 2018 WL 10230986, * 2 (D.Colo. June 8, 2018)("*Nelson* neither expressly nor impliedly overruled *Watts*."), aff'd, 764

Fed.Appx. 836 (10th Cir. 2019); Lewis v. Mosely, 2018 WL 2422045, * 4 (D.S.C. May 9, 2018)("There is no indication upon review of cases giving negative treatment to *U.S. v. Watts* that any case has overruled *U.S. v. Watts*, much less *Nelson*. Additionally, *Nelson* makes no reference to *Watts* whatsoever. Moreover, the principles established in *Nelson* do not overrule the principles established in *Watts*."), report and recommendation adopted, 2018 WL 2416913 (D.S.C. May 29, 2018); Miller v. United States, 2018 WL 1693372, * 2 (D.Kan. April 5, 2018)(finding that *Nelson* "did not find that it was unconstitutional to consider relevant conduct, including conduct that was charge.") Moreover, it is well recognized that a sentencing court can consider acquitted or uncharged conduct as relevant conduct when sentencing a defendant if the conduct is established by a preponderance of the evidence. Hoskins v. United States, ___ U.S. ___, 139 S.Ct. 1468, 203 L.Ed.2d 697 (2019)("Acquitted or uncharged offense constitute relevant conduct if they 'occurred during the commission of the offense of conviction."); United States v. Young, 609 F.3d 348, 357 (4th Cir. 2010)(finding that when determining the appropriate sentence, the sentencing court "may consider acquitted conduct, so long as the court determines that they conduct was established by a preponderance of the evidence."). Accordingly, the undersigned finds that Movant is not entitled to *habeas* relief based upon Nelson.

      (ii)     **Rosales-Mireles v. United States:**

In Rosales-Mireles, the Supreme Court held that in the context of a direct appeal of a defendant's sentence, a court of appeals should exercise its discretion under plain error review pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure to correct obvious errors by the probation department and district court in calculating a defendant's Guideline range even if the defendant fails to object to the errors at sentencing. Rosales-Mireles v. United States, ___ U.S.

___, 138 S.Ct. 1897, 201 L.Ed.2d 376 (2018). Initially, the undersigned notes that Movant fails to explain how Rosales-Mireles is applicable to his case. There is no allegation or indication that the Fourth Circuit erroneously failed to exercise its discretion under Rule 52(b) when reviewing Movant's Guideline range for plain error on his direct appeal. Thus, the undersigned finds no indication that Rosales-Mireles is applicable to Movant's case. Furthermore, it is well recognized that Supreme Court's decision in Rosales-Mireles did not recognize a new rule of constitutional law that has been made retroactive to cases on collateral review. See Phelps v. Andrews, 2019 WL 6208537, * 3 (E.D.N.C. Nov. 20, 2019)(*Rosales-Mireles* has "not been found to apply retroactively on collateral review"); Valle v. McConnell, 2019 WL 6879363, * 2 (W.D.La. Nov. 12, 2019)("*Rosales-Mireles* did not establish a new rule of constitutional law that applies retroactively to cases on collateral review."); Harper v. United States, 2019 WL 6195059, * 2 (N.D.W.Va. Oct. 23, 2019)(finding that the Supreme court did not make *Rosales-Mireles* retroactive), report and recommendation adopted, 2019 WL 6178680 (N.D.W.Va. Nov. 20, 2019); Fane v. United States, 2019 WL 4170810, * 3 (C.D.Ill. Sept. 3, 2019)("*Rosales-Mireles* did not create a new right and . . . does not apply retroactively"); United States v. Hamilton, 2019 WL 2160835, * 2 (D.Kan. May 17, 2019)("*Rosales-Mireles* does not establish a new rule of constitutional law that has been made retroactive to cases on collateral review . . ."); Rembert v. United States, 2019 WL 1982521, * 2 (D.Me. May 3, 2019)("Petitioner's timeliness argument fails because *Rosales-Mireles* did not establish a newly recognized right, and it is not retroactively applicable to cases on collateral review."), report and recommendation adopted, 2019 WL 2314674 (D.Me. May 20, 2019); United States v. Carrasco, 378 F.Supp.3d 315, 317 (S.D.N.Y. May 1, 2019)(finding that *Rosales-Mireles* "did not identify a new right and make it retroactively available"); Kittrells v. Warden, 2019 WL

4317024, * 4 (S.D.W.Va. Feb. 7, 2019)("*Rosales-Mireles* has not been held to be retroactive to cases on collateral review."), report and recommendation adopted, 2019 WL 4309027 (S.D.W.Va. Sept. 11, 2019); McClurkin v. United States, 2018 WL 4952794, * 2 (D.Md. Oct. 11, 2018)(concluding that movant could not utilize Section 2255(f)(3) to justify the late filing of his Section 2255 motion because *Rosales-Mireles* "did not establish a new rule that applies retroactively to collateral actions."); United States v. Twitty, 2018 WL 4506802, * 5 (D.S.C. Sept. 20, 2018)(concluding that *Rosales-Mireles* has not been made "retroactively available to cases on collateral review"), aff'd, 763 Fed.Appx. 318 (4th Cir. 2019). Accordingly, the undersigned finds that Movant is not entitled to *habeas* relief based upon Rosales-Mireles. Movant's Motion contains no other no allegation or indication that his Section 2255 Motion is timely because one of Section 2255(f)'s other subsections applies. Therefore, the undersigned finds that Movant's Section 2255 Motion is untimely.

**2.     Equitable Tolling:**

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it

impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 movant must demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file his Section 2255 motion on time. Movant, however, fails to indicate any factor beyond his control that prevented him from presenting his claim in a timely manner. Based upon a thorough review of the record, the undersigned finds no circumstances

justifying equitable tolling in this matter. As stated above, ignorance of the law is not a valid basis for equitable tolling. Therefore, Movant is hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2255 action be dismissed as untimely unless Movant can demonstrate that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 89), and **REMOVE** this matter from the Court's docket unless Movant can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is

made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Goodwin, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, and counsel of record.

Date: September 3, 2020.



Omar J. Aboulhosn
United States Magistrate Judge