IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LLOYD B. CARR

                Petitioner,

v.                                  CIVIL ACTION NO.  2:18-cv-01188
                                  (Criminal No. 6:12-cr-00210-1)

UNITED STATES OF AMERICA,

                Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court are Lloyd Carr's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [ECF No. 89], and Motion for Stay of Equitable Tolling Based on COVID-19 and Reconsideration for Appointment of Counsel [ECF No. 107]. For the reasons stated herein, Mr. Carr's motions are **DENIED as moot**.

### I.    Background

On August 13, 2013, Mr. Carr pleaded guilty to Aiding and Abetting Mail Fraud in violation of 18 U.S.C. §§ 1341 and 2. [ECF No. 36]. A Presentence Investigation Report was prepared ahead of sentencing. [ECF No. 64]. At the sentencing hearing on May 22, 2014, the court adopted the Report except for the Sentencing Guidelines calculation, which included a three-level decrease for acceptance of responsibility. [ECF No. 62]. The court determined that Mr. Carr was

not entitled to the reduction and calculated his total offense level as 27. *Id.* With a total offense level of 27 and a criminal history category of I, the advisory Guideline range in this case was 70-87 months. *Id.* The court sentenced Mr. Carr to a 75-month term of imprisonment followed by 3 years of supervised release, imposed a $100 special assessment, and ordered Mr. Carr to pay $589,704.85 in restitution. [ECF Nos. 59, 61].

Mr. Carr filed a Notice of Appeal on June 3, 2014. [ECF No. 63]. In his appeal, Mr. Carr "argue[d] that the district court clearly erred when it refused to apply a reduction for acceptance of responsibility . . . and that the sentence [was] substantively unreasonable." [ECF No. 78]. On January 16, 2015, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. *Id.*

On July 27, 2018, Mr. Carr filed the instant Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. [ECF No. 89]. The motion was referred to Magistrate Judge Aboulhosn, who entered his Proposed Findings and Recommendation ("PF&R") on September 3, 2020. [ECF No. 101]. In his PF&R, Judge Aboulhosn concluded that Mr. Carr's motion was untimely, and he recommended that I deny Mr. Carr's motion and dismiss the matter from the docket unless Mr. Carr could show that his motion "was filed within the proper time period or circumstances exist[ed] which would permit equitable tolling of the limitation period." *Id.* at 10, 12. On September 17, 2020, I granted Mr. Carr an extension of time to file objections to the PF&R. [ECF No. 106]. On October 1, 2020, Mr. Carr filed his Motion for Stay of

Equitable Tolling Based on COVID-19 and Reconsideration for Appointment of Counsel. [ECF No. 107]. I found that the motion did not address the PF&R. [ECF No. 112]. Accordingly, I denied the motion, adopted the PF&R, and dismissed the matter from the docket. *Id.*

On December 18, 2020, Mr. Carr appealed my Order. [ECF No. 116]. The Fourth Circuit determined that I should have construed Mr. Carr's motion "as his objections to the magistrate judge's recommendation to dismiss the § 2255 motion as untimely." [ECF No. 169, at 2]. The court vacated the Order and remanded for me to review *de novo* Mr. Carr's objections. *Id.*

## II.   Legal Standards

### A.  Standard of Review

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3). In reviewing a PF&R, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.  Mootness

Mootness is a jurisdictional doctrine originating in Article III's "case" or "controversy" requirement. As with other principles of justiciability, mootness goes to a court's power to hear a case rather than to a case's merits. *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 66–67 (1997). Importantly, a court must resolve the question

3

of mootness "before it assumes jurisdiction." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). If a case becomes moot—that is, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome"—a federal court loses its jurisdiction to resolve the underlying dispute. *Powell v. McCormack*, 395 U.S. 486, 496–97 (1969). Any decision on the merits of a moot claim would constitute an impermissible advisory opinion. *See Hall v. Beals*, 396 U.S. 45, 48 (1969).

## III.   Discussion

28 U.S.C. § 2255(a) permits "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released" to "move the court which imposed the sentence to vacate, set aside or correct the sentence." In the instant case, Mr. Carr was released from custody on November 19, 2019. *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/index.jsp (first name "Lloyd," last name "Carr") (last visited Jan. 25, 2023). Upon his release, Mr. Carr began serving his 3-year term of supervised release, which expired on November 18, 2022. On July 27, 2018, Mr. Carr filed his § 2255 motion, while he was incarcerated and "in custody under sentence of a court established by Act of Congress."

A one-year period of limitation governs the filing of motions under § 2255, 28 U.S.C. § 2255(f), and in this case, the magistrate judge determined that Mr. Carr's motion was untimely, [ECF No. 101, at 10]. I have reviewed Mr. Carr's § 2255 motion and the PF&R. I recognize that in the time between the entry of the magistrate judge's PF&R and my current consideration of Mr. Carr's motions, Mr. Carr's term of

supervised release expired. The court therefore questions whether Mr. Carr's subsequent release from prison and completion of supervised release cause his motion to be moot because it no longer presents a case or controversy.

Where a criminal defendant completes his sentence while his § 2255 motion is pending, he must show "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction— . . . if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Collateral consequences, for example, have been found to exist in cases where a defendant challenges the legality of his conviction. *See Carafas v. LaVallee*, 391 U.S. 234, 237–39 (1968). This is because the defendant in such cases, even after being unconditionally released from custody, continues to suffer from the burdens flowing from a criminal conviction. *Id.* Courts, however, have not found that collateral consequences exist, and thus they deny § 2255 motions as moot, where a defendant no longer "in custody" challenges only the length of his sentence. *See, e.g., United States v. Johnson*, No. 14-10357, 2022 WL 4111937, at *2 (D. Mass. Sept. 8, 2022). In these cases, there is nothing for the court to remedy.

Here, Mr. Carr only challenges the length of his incarceration; he does not ask the court to vacate his conviction. [ECF No. 89, at 4, 11, 16 (stating that Mr. Carr is "not attacking the conviction at this time" but "he takes offens[e] on his ludicrous sentence of 75-months" and that "[t]he only remedy he seeks herein is that the necessary corrections be made to his sentencing calculations, thereby reducing his

sentence as [a] matter of law")]. Specifically, he contends that he should have received a three-level decrease for accepting responsibility, which would have "reduce[d] [his] guideline range to 51 to 63 months." *Id.* at 15–16. Because Mr. Carr has already completed his sentence, and he only seeks resentencing under a lower Guideline range, this matter is moot. Mr. Carr's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and Motion for Stay of Equitable Tolling Based on COVID-19 and Reconsideration for Appointment of Counsel are therefore **DENIED as moot**.

## IV.   Conclusion

For the foregoing reasons, Mr. Carr's motions [ECF Nos. 89, 107] are **DENIED as moot**. The court **DISMISSES** this matter from the docket. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      January 30, 2023

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE